UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EASTON,                              Case No. 12-cv-10663
                                           District Judge George Caram Steeh
            Plaintiff,                     Magistrate Judge R. Steven Whalen

v.

FANNIE MAE,                                Removed From:
                                           Wayne County Circuit Court
            Defendant.                     Case No. 12-001027-CH
                                           Hon. Wendy Baxter

_____

### DEFENDANT FANNIE MAE'S MOTION TO DISMISS

Defendant, Fannie Mae, through its attorneys, Maddin, Hauser, Wartell, Roth & Heller, P.C., respectfully move this Court, pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and (b)(6), , for dismissal of Plaintiff's entire complaint for the reasons set forth in the attached brief.

In accordance with L.R. 7.1(a), Defendant contacted Plaintiff, but it was unable to secure concurrence in the relief requested.

                                   Respectfully Submitted,

                                    /s/ Lindsey R. Johnson
                                   Lindsey R. Johnson (P67081)
                                   Maddin, Hauser, Wartell, Roth & Heller, P.C.
                                   Attorneys for Defendant
                                   28400 Northwestern Highway, 3rd Floor
                                   Southfield, MI  48034
Dated: March 22, 2012              (248) 351-7011
                                   lrj@maddinhauser.com
1206252/11225.0182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EASTON,                               Case No. 12-cv-10663
                                            District Judge George Caram Steeh
            Plaintiff,                      Magistrate Judge R. Steven Whalen

v.

FANNIE MAE,                                 Removed From:
                                            Wayne County Circuit Court
            Defendant.                      Case No. 12-001027-CH
                                            Hon. Wendy Baxter

_____

**MEMORANDUM OF LAW IN SUPPORT OF FANNIE MAE'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**


**ORAL ARGUMENT REQUESTED**

Table of Contents

Index of Authorities ..................................................................................................................iii

QUESTIONS PRESENTED .......................................................................................................v

CONTROLLING AUTHORITIES................................................................................................vii

INTRODUCTION.........................................................................................................................1

SUMMARY OF FACTS ..............................................................................................................2

STANDARD OF REVIEW ..........................................................................................................3

ARGUMENT................................................................................................................................4

    A.    Plaintiff's Complaint Fails to Meet Minimum the Pleading Standards Under Fed. R. Civ. P. 8..............................................................................................................4

    B.    The Complaint fails to Meet Minimum Pleading Standards Under Fed R. Civ. P. 9(b). ..............................................................................................................................6

    B.    The Complaint fails to Meet Minimum Pleading Standards Under Fed R. Civ. P. 9(b). ..............................................................................................................................6

    C.    Plaintiff Lacks Standing to Challenge the Foreclosure Sale...........................................7

    D.    Plaintiff Lacks Standing to Challenge the Assignment, and the Claim that MERS Bifurcated the Note and Mortgage is not an Actionable Claim. .....................................9

        1.    Plaintiff lacks standing to challenge the assignment of mortgage..................9

        2.    Note-Splitting is Not a Viable Claim and Plaintiff Cannot Attack MERS Because It Was Not Involved With Plaintiff's Loan............................................10

    E.    Plaintiff's Claims Are Barred by *Res Judicata* .................................................11

    F.    Plaintiff's Complaint Fails to Plead a Cause of Action for Violation of MCL 600.2109 ....................................................................................................................11

    G.    Plaintiff's Complaint Fails to Establish a Violation of the Real Estate Settlement Procedures  Act (RESPA)..............................................................................................12

    H.    There Could be No Viable Claim for a Violation of the Fair Debt Collection Practices Act ...............................................................................................................12

i

I.      There is No Automatic Private Right of Action for Violating REMIC laws and Plaintiff lacks standing to challenge violations of a corresponding pooling and servicing agreement.......................................................................................12

J.      Plaintiff's Complaint fails to state a cause of action to Quiet Title..............................13

K.      The Sale Was Proper Because Ralph Leggat Was Appointed Deputy Sheriff For the  Purposes of Conducting the Foreclosure Sale. .......................................14

CONCLUSION ...........................................................................................................................14

CERTIFICATE OF SERVICE .......................................................................................................15

<u>Index of Authorities</u>

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)................................................4

*Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971)................................................3

*Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 149 (D.D.C. 2011) ................................................12

*Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) ................................................6

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007................................................2

*Commercial Money Ctr., Inc.*, 508 F.3d at 336................................................2

*Dart v Dart*, 460 Mich 573, 586 (1999)................................................11

*Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) ................................................6

*G.M. Eng'rs and Assocs., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) ................................................3

*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)................................................2

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976)................................................6

*Hord v. Environmental Research Inst. of Mich.*, 463 Mich. 399, 404, 617 N.W. 2d 543 (2000)................................................7

*In re* Samuels, 415 B.R. 8, *21-23 (E.D. Mass. 2009) ................................................13

*Iqbal*, 129 S. Ct. at 1949 ................................................4

*Iqbal*, 129 S.Ct at 1949 ................................................5

*Iqbal*, 129 S.Ct at 1954 ................................................5

*Iqbal*, 129 S.Ct. at 1949 ................................................5

*Kubicki v. Mortgage Electronic Registration Systems, Inc.*, 292 Mich. App. 287, 292 (2011) ................................................14

*Livonia I*, 717 F. Supp. 2d at 748-749 ................................................13

*Livonia I, supra*, 717 F. Supp. 2d at 748................................................13

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010)................................................9

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x 97, 103, 2010 WL 4275305 (6th Cir. 2010)................................................9

*Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at * 5 (Mich Ct App, April 12, 2007)................................................8

*Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324 (M.D.N.C. 2002) ................................................12

*Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App., May 28, 2009)................................................8

*Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187; 4 N.W.2d 514 (1942) ................................................7

*QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) ................................................2

*Reid v. Rylander*, 258 N.W. 630 (Mich. 1935) ................................................7

*Residential Funding Co. v. Saurman*, 490 Mich. 909 (2011) ................................................10

*Residential Funding Co. v. Saurman*, is misguided. 807 N.W.2d 421 (Mich. Ct. Appeals 2011) ................................................10

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ................................................6

*Saurman*................................................10

*Schulthies v. Barron*, 16 Mich. App. 246, 247-48; 167 NW2d 784 (1969); ................................................9

*Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617, at *4................................................12

*Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003 ........................................................12
*Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 950-51 (E.D. Mich. 2009) ........................4
*Twombly*, 550 U.S. at 555 ...............................................................................................................5
*Twombly*, 550 U.S. at 570) .............................................................................................................5
*United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich., 1997) (citing *Page v. Kress*, 80 Mich. 85, 89
   (1890) ..........................................................................................................................................9
*Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)..............................................................2
*Weiner v. Klais and Co.*, 108 F.3d. 86, 89 (6ᵗʰ Cir. 1997) ..............................................................4
*Worthy v. World Wide Financial Servs, Inc.*, 347 F. Supp. 2d 502, 509 (E.D. Mich., 2004) .............9

## Statutes

12 U.S.C. § 2614..............................................................................................................................12
15 U.S.C. §1692..............................................................................................................................12
M.C.L. § 600.3236...........................................................................................................................7
M.C.L. § 600.3240(8).......................................................................................................................7
MCL 600.2109..................................................................................................................................11
MCL 600.2109 ¶8..............................................................................................................................5
MCL 600.2932..................................................................................................................................13
MCL 600.3216, MCL 51.70, 51.73..................................................................................................14
MCR 3.411(B)(2)..............................................................................................................................13
MCR 3.411(C)(2)..........................................................................................................................13, 14

## Other Authorities

FDCPA ¶¶5, 9 and 26; and ¶¶27 and 28..........................................................................................6
Internal Revenue Code, 26 U.S.C. §§ 860A-G...................................................................................13
Moore's Federal Practice § 56.30[4] (3d ed. 1998) ..........................................................................2

## Rules

Fed. R. Civ. P,. 8(a)(2))......................................................................................................................5
Fed. R. Civ. P. 10(c). .......................................................................................................................2
Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 3, 4
Fed. R. Civ. P. 9(b) ....................................................................................................................1, 6, 7

QUESTIONS PRESENTED

I.     Plaintiff's Complaint Fails to Meet Minimum the Pleading Standards Under Fed. R. Civ. P. 8.?

       Defendant answers:    "Yes"

       Plaintiff answers:      "No"

II.    Plaintiff's Complaint Fails to Meet Minimum the Pleading Standards Under Fed. R. Civ. P. 9b.?

       Defendant answers:    "Yes"

       Plaintiff answers:      "No"

III.   Whether Plaintiff lacks standing to challenge the subject foreclosure sale now that the redemption period has expired?

       Defendant answers:    "Yes"

       Plaintiff answers:      "No"

IV.    Whether Plaintiff lacks standing to challenge the Assignment?

       Defendant answers:    "Yes"

       Plaintiff answers:      "No"

V.     Whether Plaintiff's Complaint is barred by the doctrine of *Res Judicata*?

       Defendant answers:    "Yes"

       Plaintiff answers:      "No"

VI.    Whether Fannie Mae violated MCL. 600.2109?

       Defendant answers:    "No"

       Plaintiff answers:      "Yes"

VII.   Whether Fannie Mae violated RESPA?

       Defendant answers:    "No"

Plaintiff answers:       "Yes"

VIII.    Whether Fannie Mae violated the FDCPA?

Defendant answers:     "No"

Plaintiff answers:       "Yes"

IX.      Whether Fannie Mae violated the REMIC?

Defendant answers:     "No"

Plaintiff answers:       "Yes"

X.       Whether Fannie Mae violated the PSA and whether Plaintiff has standing to allegea violation of the PSA?

Defendant answers:     "No"

Plaintiff answers:       "Yes"

XI.      Whether Plaintiff has stated and properly pleaded a viable claim for quiet title?

Defendant answers:     "No"

Plaintiff answers:       "Yes"

XII.     Whether Special Deputy Ralph Leggatt had the authority to conduct the subject Sheriff's Sale ?

Defendant answers:     "Yes"

Plaintiff answers:       "No"

## CONTROLLING AUTHORITIES

Fed. R. C. Civ. P. 9(b)

       Must state fraud allegations with particularity.

Fed. R. C. Civ. P. 12(b)(1):

       Lack of subject matter jurisdiction.

Fed. R. C. Civ. P. 12(b)(6):

       Failure to state a claim upon with relief can be granted.

## INTRODUCTION

The claims arise from the default of a residential mortgage, and ensuing foreclosure and eviction. The foreclosure sale already occurred, the redemption period expired, and a judgment of possession was entered for Fannie Mae in January 2012.  Despite this history, pro se Plaintiff, David Easton ("Plaintiff") seeks to invalidate the mortgage loan and receive a cash payment for double the estimated value of the property of $139,483.48, without any legitimate basis to support the claims, or entitlement to the requested relief.

To the extent Fannie Mae can divine claims from the 28-paragraph, free-form complaint (no specific counts are listed), Fannie Mae believes the claims against Fannie Mae are as follows:

(1)  Fraud ("robo-signing");

(2)  Lack of standing of the foreclosing entity (the servicer – which is not a named party in this lawsuit) based on an alleged bifurcation of the note and mortgage, and an invalid assignment (Plaintiff allegations are that this is a MERS mortgage, which it is not);

(3)  Violation of the Deceptive Trade Practices Act;

(4)  Violation of the Real Estate Settlement Procedures Act ("RESPA");

(5)  Violation of the Real Estate Mortgage Investment Conduit ("REMIC") laws,

(6)  Violation of the Federal Debt Collection Practices Act ("FDCPA"); and

(7)  Violation of Michigan MCL 600.2109.

It should be noted that although the statutes are listed, Plaintiff fails to list any elements and/or plead facts evidencing Fannie Mae's alleged "statutory violations".

The allegations are mainly vague and irrelevant attacks on the mortgage industry.  First, Plaintiff avoids discussing his mortgage, and instead, attached a discharge of two (2) unrelated mortgages to prove the mortgage at issue was unenforceable.  Of note, the rambling attacks also cite inapplicable statutes and

1

cases.  Secondly, to the extent allegations relate to the servicing of the relevant mortgage, Fannie Mae is not the appropriate party because it was not the servicer.  However, amending the Complaint to add the servicer would be futile because Plaintiff could not establish facts to support any claims against the servicer at this juncture.

Simply put, Plaintiff is wasting judicial resources by asking the Court to make an assumption from the vague attacks on the industry that Fannie Mae acted inappropriately, fraudulently and criminally, and this should result in Plaintiff getting a free house.  The Complaint should be dismissed.

<u>SUMMARY OF FACTS</u>

On July 1, 2003, Plaintiff executed a promissory note ("Note") in the principal amount of $104,375. *See* **Exhibit A**, Note.[1]  As security for the Note, Plaintiff granted a mortgage ("Mortgage") in favor of the mortgagee, which is identified in the Mortgage as Countrywide Home Loans, Inc. ("Countrywide"), on property commonly known as 24630 Outer Dr., Melvindale, MI 48122 ("Property").  *See,* **Exhibit B**, Mortgage, recorded with the Wayne County Register of Deeds on July 25, 2003, Liber 38724, Page 2572.[2]  Countrywide subsequently assigned the Mortgage to BAC Home Loans Servicing, L.P. ("BANA").  *See*

---

[1] "Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c).  A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the Plaintiffs' claim[.]"  *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)).  Specifically in contract cases, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings.  *QQC, Inc. v. Hewlett-Packard Co.,* 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997)).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . ."  *Weiner*, 108 F.3d at 89.  "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."  *Commercial Money Ctr., Inc.,* 508 F.3d at 336 (internal citations omitted).  Here, the Mortgage and Sheriff's Deed and other related foreclosure documents are matters of public record.  As such, they may properly be attached to this Motion to Dismiss.

[2] *See footnote 1.*  Bank of America, N.A., is successor by merger to BAC Home Loans Servicing, L.P. as of July 1, 2011.

**Exhibit C**, Assignment of Mortgage, recorded with the Wayne County Register of Deeds on October 20, 2009, Liber 48173, Page 69-69.[3]

On June 15, 2011, BANA purchased the Property at the foreclosure sale via a successful credit bid.  *See* **Exhibit D**, Sheriff's Deed.  The redemption period expired on December 15, 2011.  Because Plaintiff failed to redeem, legal title to the Property vested in BANA.  BANA subsequently deeded the property to Federal National Mortgage Association ("Fannie Mae").  *See* **Exhibit E**, Quit Claim Deed. Fannie Mae instituted an eviction action in Michigan District Court.  *See* **Exhibit F**, Complaint for Eviction. A Possession Judgment was entered for Fannie Mae on January 19, 2012.  *See* **Exhibit G**, Judgment of Possession.

Additionally, Plaintiff attaches mortgage releases for unrelated loans to his Complaint.  These releases appear to be recorded with the Wayne County Register of Deeds.  The Discharge of Mortgage for Corporation for the mortgage recorded as Document 202483829, is attached to Plaintiff's Complaint as "Evidence B"; the Discharge of Mortgage for Corporation for the mortgage recorded as Document 203140573, is attach to Plaintiff's Complaint as "Evidence C" (collectively, "Discharges").  Plaintiff relies on these Discharges for much of his baseless attack on the mortgage industry.

<u>STANDARD OF REVIEW</u>

<u>Fed. R. Civ. P. 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted[.]"  When reviewing a Rule 12 motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  *G.M. Eng'rs and Assocs., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).  But courts need not accept as true allegations that are unsupported or that conflict with judicially known facts.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971).

---

[3] *See footnote 1.*

In bringing a claim for relief, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and modifications omitted) ("*Twombly*"). Further, "[t]hreadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 950-51 (E.D. Mich. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("*Iqbal*")). A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (*internal quotations omitted*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*internal quotations and citations omitted*).

In considering a Rule 12(b)(6) motion, the Court may consider documents attached to a defendant's motion as part of the pleadings if they are referred to in a plaintiff's complaint and are central to the plaintiff's claim. *Weiner v. Klais and Co.*, 108 F.3d. 86, 89 (6th Cir. 1997) (citations omitted).[4] Therefore, it is proper for this Court to consider the Note, Mortgage, and Assignment of Mortgage, all of which are referred to in Plaintiffs' Complaint, are central to their claim, and are attached herewith.

<u>ARGUMENT</u>

**A.**    <u>Plaintiff's Complaint Fails to Meet Minimum the Pleading Standards Under Fed. R. Civ. P. 8.</u>

Plaintiff's Complaint is not plausible on its face. More pointedly, o relevant facts are pleaded, much less facts that could establish the requisite elements to support any cause of action. First, A complaint

---

[4] *See footnote 1.*

must be dismissed for it failure to comply with Rule (8) of the Federal Rules of Civil Procedure if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief is plausible on its face." *Iqbal*, 129 S.Ct at 1949 (*quoting Twombly*, 550 U.S. at 570).  The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56).  Stated another way, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555;  *see also Iqbal*, 129 S.Ct at 1954 (Rule 8 does not empower a party to plead bare elements of a cause of action, affix the label "general allegation" and expect the complaint to survive a motion to dismiss).  Secondly, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).  The relevant question is not whether any facts could be conjured up that would state a claim for relief, but whether sufficient facts have been pled in the first instance to support the alleged legal claims.  *Id.* at 1949-1952 (noting that "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complain has alleged – but it has not 'show[n] … that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P,. 8(a)(2));  *Twombly*, 550 U.S. at 555-57.

In this case, Plaintiff fails to plead any facts, whatsoever.  The allegations are vague, conclusory, and insufficient to state a cause of action, and also relate to a different mortgage that was previously discharged and are vague attacks an industry as a whole.  Plaintiff states many legal conclusions in the form of cited cases or statutes with no explanation of how the cited cases relate to the facts of this case, and there are no facts that would amount to necessary elements to support any cause of action.[5]  Plaintiff's

---

[5]  *See Plaintiff's Complaint, passim:* application of Uniform Commercial Code ¶4; REMIC allegations ¶14; violations of FCRA ¶15; violations of MCL 600.2109 ¶8; violation of RESPA ¶17, fraudulent concealment ¶¶12, 13 and 19; fraudulent assignment of

claims should be dismissed in their entirety for failure to adequately plead any facts that could state a claim against Fannie Mae.

B.     The Complaint fails to Meet Minimum Pleading Standards Under Fed R. Civ. P. 9(b).

Most of Plaintiff's claims purport to be fraud-based.[6]  Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006), *see also Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (*internal citations omitted*) and *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (*internal quotations omitted*).  Complaints that fail to conform to the requirements of Rule 9(b) are subject to dismissal.  *Id.*

Under the Michigan standard for pleading fraud, Plaintiff's Complaint is also deficient.  To state a claim for fraud, Plaintiff must establish the following:

> (1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by Plaintiffs; (5) that Plaintiffs acted in reliance upon it; and (6) that he thereby suffered injury.  Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them is fatal to a recovery.

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976) (*internal quotations omitted*).  The absence of any one of these elements is fatal to recovery.  *Id.* at 336.  Silent fraud

---

[6] mortgage ¶¶16, 20; MERS is illegal ¶21; forgery ¶22; standard for genuine issue of material fact ¶23; silent fraud ¶24; servicer standing ¶25; FDCPA ¶¶5, 9 and 26; and ¶¶27 and 28.

[6] The title of the complaint states "mortgage assignment fraud/securities fraud/servicing fraud…violation of the deceptive trade practices act," and the following paragraphs make similar bald statements: ¶¶ 6, 7, 8, 9, 11, 14, 16, 19, 21, 22 and 24.

contains the same elements of a general fraud claim, but requires "a legal or equitable duty of disclosures." *Hord v. Environmental Research Inst. of Mich.*, 463 Mich. 399, 404, 617 N.W. 2d 543 (2000).

However, in this case Plaintiff fails to plead any facts to support his claims of fraud against Fannie Mae. As a threshold matter, the Complaint does not actually make any allegations specific to Fannie Mae. Plaintiff does not indicate against whom the fraud and/or silent fraud claims are made. The only reference Plaintiff makes to any specific entity is a reference to MERS, Countrywide or BANA in ¶¶ 6, 17 and 21, regarding the Assignment of Mortgage, and bifurcation of the note and mortgage. However, MERS, Countrywide and BANA are not parties to this action. By failing to identify against whom claims are made, Plaintiff's Complaint fails to reasonably inform Fannie Mae of the nature of the claims it is called on to defend, thus Plaintiff's claims fail as a matter of law.

Further, Plaintiff's conclusion that certain documents are "bogus," and that there was "misrepresentation," "silent fraud," and "fraud" is not sufficient, alone, to state a claim for fraud or silent fraud under Fed. R. Civ. P. 9(b). As such, Plaintiff has not alleged the elements of a claim for fraud or silent fraud and Plaintiff's fraud claims should be dismissed.

**C.**     **Plaintiff Lacks Standing to Challenge the Foreclosure Sale**

The statutory six-month redemption period ended on December 15, 2011, and Plaintiff did not redeem. M.C.L. § 600.3240(8). Plaintiff does not have standing to challenge the Sheriff's Sale because he no longer has a legal interest in the Property because after it expires, the recipient of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236; see also *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187; 4 N.W.2d 514 (1942) (noting that the "[p]laintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . . ."). The previous owner lacks standing to challenge a foreclosure sale after the redemption period expires. *See Reid v. Rylander*, 258 N.W. 630 (Mich. 1935)(affirming the denial of defenses in an eviction action because the original homeowner the foreclosure until after the redemption period expired).

Courts have faithfully applied this rule.  In *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App., May 28, 2009) (attached as **Ex. H,** unpublished opinions), the plaintiff claimed fraud in connection with a foreclosure sale.  *Id.* at *1.  The redemption period expired a few weeks after the plaintiff filed suit, and the defendants brought a motion for summary disposition asserting that the plaintiff no longer had standing to challenge the foreclosure sale because he had no interest in the subject property.  *Id.*  The trial court granted summary disposition in the defendants' favor, and the Court of Appeals affirmed.  *Id.*  The Court of Appeals explained that:

> Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property.  Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began.  Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale . . . .  *Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.*

*Id.* (emphasis added); see also *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at * 5 (Mich Ct App, April 12, 2007) ("After the redemption period expired, plaintiff no longer had any right or interest in the property, because the property had been validly purchased at a foreclosure sale. At that point, the trial court could not grant plaintiff the relief it sought (title to the property) if it were successful in its suit.").[7]

Additionally, Plaintiff provides no basis to extend the redemption period or to set aside the Sheriff's Sale.  No fraud or irregularity is properly alleged, nor could it be.  "The law in Michigan does not allow an

---

[7] Several other cases in Michigan Federal Courts have been dismissed for lack of standing under similar circumstances (attached as Ex. H, unpublished opinions).  *See, e.g., Missirlian v. Chase Home Finance, LLC*, No. 1:11-cv-841, at pp. 1-2 (W.D. Mich. Dec. 22, 2011) (Maloney, C.J.) ("Plaintiff's failure to tender payment during the redemption period extinguishes his ability to challenge the foreclosure."); *Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011) ("the redemption period expired on September 2, 2010; therefore, Plaintiffs lack standing to challenge the foreclosure absent a showing of fraud or irregularity"); *Nafso v. Wells Fargo Bank, NA*, No. 11-10478, 2011 WL 1575372, at *3 (E.D. Mich. April 26, 2011) ("once the redemption period expired on January 20, 2011, [plaintiff] lost standing to assert defects in the foreclosure proceedings").

equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48; 167 NW2d 784 (1969); *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich., 1997) (citing *Page v. Kress*, 80 Mich. 85, 89 (1890)) ("[A] strong case of fraud or irregularity, or some peculiar exigency, [is required] to warrant setting a foreclosure sale aside."); *see also Worthy v. World Wide Financial Servs, Inc.*, 347 F. Supp. 2d 502, 509 (E.D. Mich., 2004) *aff'd* 192 Fed Appx 369 (6th Cir., 2006) (holding that inconsequential mistakes do not permit the reversal of a sheriff's deed, especially when plaintiff unreasonably delays challenging the foreclosure sale).

Based on the aforementioned analysis, Plaintiff's Complaint should be dismissed with prejudice in its entirety.

D.      **Plaintiff Lacks Standing to Challenge the Assignment, and the Claim that MERS Bifurcated the Note and Mortgage is not an Actionable Claim.**

1.      **Plaintiff lacks standing to challenge the assignment of mortgage.**

Paragraphs 6, 10, 16 and 21 of Plaintiff's Complaint purport to attack an assignment of mortgage from Countrywide to MERS, however, there is no assignment of mortgage from CHL to MERS.  MERS is not involved with this loan at all.  The parties to the assignment of mortgage are Countrywide to BANA.  *See* Exhibit C, Assignment.

Plaintiff lacks standing to challenge the assignment, absent some allegations concerning double recovery on the debt.  *See Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010)("*Livonia I*")[8].  The *Livonia I* Court analyzed a challenge to a Michigan mortgage assignment, and concluded the "[b]orrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the

---

[8] *Livonia I* was affirmed on appeal, where it was noted that the only time a borrower may have standing to challenge the assignment is when there is a concern surrounding double recovery.  *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. App'x 97, 103, 2010 WL 4275305 (6th Cir. 2010).

parties to the assignments do not dispute (and in fact affirm) their validity." *Id.* at 737. This conclusion follows because a "[b]orrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether [a] [b]orrower owes its obligations, but only to whom [a] [b]orrower is obligated." *Id.* at 735 (emphasis in original). The *Livonia I* court performed an analysis of nationwide authority, and concluded that "for over a century, state and federal courts around the country have applied similar reasoning to hold that a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Id.* at 736-37. Any claims challenging the Assignment of Mortgage should be dismissed.

> 2.   **Note-Splitting is Not a Viable Claim and Plaintiff Cannot Attack MERS Because It Was Not Involved With Plaintiff's Loan.**

Plaintiff's Complaint also raises the overused and soundly rejected "note-splitting" argument because MERS was the alleged "mortgagee" listed on the subject mortgage. However, the Mortgage is not a MERS mortgage, nor was it a party to a subsequent assignment of the Mortgage. Thus Plaintiff has no standing or basis to attack MERS.

Furthermore, the *Saurman* appellate court decision Plaintiff relies upon in his "note-splitting argument" was recently overturned by the Michigan Supreme Court. *See Residential Funding Co. v. Saurman,* is misguided. 807 N.W.2d 421 (Mich. Ct. Appeals 2011) ("*Saurman I*") overturned by *Residential Funding Co. v. Saurman*, 490 Mich. 909 (2011) ("*Saurman II*"). The Michigan Supreme Court rejected the note-splitting argument, stating that:

> "Under the settled law of this State, the mortgage and the note are to be construed together. The rule is well-settled that…the mortgagee has a lien on the land to secure the debt * * *It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands….The choice of a mortgagee is a matter of convenience * * * [o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security."

*Saurman II*, at 2 (*internal citations omitted*).

Furthermore, The case at bar would not even fit within the *Saurman* facts because: (a) this was

not a MERS mortgage; and (b) even if it was a MERS mortgage, the loan servicer was the foreclosing party, not MERS as was the case in *Saurman*. The Plaintiff completely ignores the Michigan Foreclosure by Advertisement Statute, which states that servicers are expressly empowered to act as the foreclosing party. MCL 600.3204(1)(d). Based on the aforementioned analysis, Plaintiff's claims that the note and mortgage have somehow been split are without merit and not based in law. As such, Fannie Mae requests this Court dismiss the allegations relating to "note-splitting" with prejudice.

E.      Plaintiff's Claims Are Barred by *Res Judicata*

*Res judicata* bars a subsequent action between parties when the evidence or essential facts are the same as the prior action. *Dart v Dart*, 460 Mich 573, 586 (1999). The doctrine applies where the first action was decided on the merits; the matter contested in the second action was or could have been resolved in the first, and both actions involve the same parties or their privies. *Id.* "Michigan courts have broadly applied the doctrine of *res judicata*. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

Fannie Mae was already awarded a judgment of possession in January 2012 after it filed an eviction complaint in the state district court. Plaintiff raised no defenses or counterclaims in that action. *See* Exhibit I. All three elements for the application of *res judicata* are present: (1) the prior judgment was on the merits; (2) there is identity of parties; and (3) the issue was or could have been raised in the prior action but was not. *Dart*, 460 Mich at 586. Plaintiff's Complaint should be dismissed.

F.      Plaintiff's Complaint Fails to Plead a Cause of Action for Violation of MCL 600.2109

Without pleading any facts, Plaintiff asserts that Fannie Mae violated MCL 600.2109, which establishes criteria on reading into evidence in court. *See* Complaint ¶¶8, 18. This section is wholly inapplicable because there has been no opportunity for this Court to introduce evidence. Therefore, Plaintiff's claim should be dismissed as a matter of law.

G.     Plaintiff's Complaint Fails to Establish a Violation of the Real Estate Settlement Procedures Act (RESPA).

Plaintiff failed to allege that Fannie Mae violated a specific RESPA section, which is fatal to the claim. *Shaya v. Countrywide Home Loans, Inc.,* No. 10-13878, 2011 WL 1085617, at *4 (E.D. Mich. March 22, 2011) (internal citations omitted). Also, Plaintiff's claim is barred by both the applicable one-year and three-year statute of limitations. 12 U.S.C. § 2614.. In this case, the alleged RESPA violation would have to have occurred and the time of the loan closing in July of 2003, and therefore, the cause of action accrued at the loan closing in July 2003. Therefore, no matter what sub-section of RESPA the Plaintiff relies upon, the claim is time barred. *Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 149 (D.D.C. 2011) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003)); *see Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324 (M.D.N.C. 2002) ("RESPA's statute of limitations period . . . run[s] from the date of the violation itself, not from the date of discovery [of the facts supporting a claim] . . . ."). Therefore, Plaintiff's RESPA claims should be dismissed with prejudice.

H.     There Could be No Viable Claim for a Violation of the Fair Debt Collection Practices Act

Plaintiff claims that the FDCPA applies to lawyers, but makes no specific claims against Fannie Mae or anyone else. 15 U.S.C. §1692, *et seq;* See Complaint ¶¶5, 9 and 26. Plaintiff failed to identify who violated the FDCPA, or in what manner the FDCPA was violated, which is a requirement to support such a claim. Therefore, Plaintiff's FDCPA claim fails as a matter of law.

I.     There is No Automatic Private Right of Action for Violating REMIC laws and Plaintiff lacks standing to challenge violations of a corresponding pooling and servicing agreement.

The Internal Revenue Service ("IRS") created Real Estate Mortgage Investment Conduits ("REMIC") to enable the bundling of residential mortgages into segregated asset pools, so individuals could invest in the asset-backed securities. *See* Internal Revenue Code, 26 U.S.C. §§ 860A-G. REMICs are tax "pass-through" entities, meaning that the REMICs themselves are not taxed on income, rather only the investors are taxed on income received. *Id.* The IRS imposes strict rules upon REMICs, including how and

when a mortgage may be packaged into a REMIC.  *Id.*  If a mortgage is transferred to a REMIC as part of a prohibited transaction, a private right of action does not arise automatically under the REMIC rules.  *Id.*  Additionally, solely violating the REMIC rules does not show a defect in ownership of the mortgage.  *Livonia I*, *supra*, 717 F. Supp. 2d  at 748, *citing to  In re* Samuels, 415 B.R. 8, *21-23 (E.D. Mass. 2009) (finding that an unfavorable tax consequence has no effect on the validity of an assignment).

As a threshold matter, Plaintiff fails to allege that the mortgage that Plaintiff granted on the Property was transferred into a REMIC, which would determine whether the REMIC rules apply.   Even if the mortgage were part of a REMIC, there is no automatic private right of action available to challenge any perceived violations.  *See* Internal Revenue Code, 26 U.S.C. §§ 860A-G.  Moreover, to the extent Plaintiff challenges any alleged applicable pooling and servicing agreement,[9] Plaintiff lacks standing to challenge the validity of, or any perceived violations of, a pooling and servicing agreement.  *Livonia I*, 717 F. Supp. 2d at 748-749.  Therefore, Plaintiff's Complaint should be dismissed.

J.      <u>Plaintiff's Complaint fails to state a cause of action to Quiet Title.</u>

Plaintiff failed to properly plead a quiet title claim.  The statute provides that "[a]ny person … who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring       an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff…."  MCL 600.2932.   Plaintiff failed to set forth: (a) the interest he claims in the Property; (b) the interest Fannie Mae claims in the Property; and (c) the facts establishing the superiority of Plaintiff's claim, as is required to state such a claim under MCR 3.411(B)(2).   Plaintiff was also required to, but failed to attach "a statement of the title on which the pleader relies, showing from whom the title was obtained and the page and book where it appears of record."  MCR 3.411(C)(2).

---

[9] Plaintiff makes reference to a "Servicer Performance Agreement" in conjunction with the REMIC allegations, which lead Defendants to believe Plaintiff means to refer to a "pooling and servicing agreement," the mechanism through which a mortgage is transferred to a REMIC.

Plaintiff also failed to attach a recorded copy of the Mortgage that is the basis of the quiet title claim, as required by MCR 3.411(C)(2), and instead attached discharges of non-relevant mortgages.  Moreover, Plaintiff does not allege any facts establishing the superiority of their claim.  Plaintiff has not properly stated a claim to quiet title, and therefore, this claim should be dismissed with prejudice.

**K.**     **The Sale Was Proper Because Ralph Leggat Was Appointed Deputy Sheriff For the Purposes of Conducting the Foreclosure Sale.**

Plaintiff's allegation that the sheriff was not empowered to conduct the sale is false and cannot state a claim for relief to Plaintiff.  Public documents, for which this court can take judicial notice,[10] confirm Ralph Leggatt is a special deputy qualified to conduct sales under MCL 600.3216, MCL 51.70, 51.73.  *See also Kubicki v. Mortgage Electronic Registration Systems, Inc.,* 292 Mich. App. 287, 292 (2011).  Therefore Plaintiff's Complaint should be dismissed.

<u>CONCLUSION</u>

For all of the above reasons, Fannie Mae respectfully requests that this Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C.

*/s/ Lindsey Johnson*
Lindsey Johnson (P67081 )
Martin S. Frenkel (P49283)
28400 Northwestern Highway, Third Floor
Southfield, MI  48034-1839
(248) 354-4030
LJohnson@maddinhauser.com
Dated: March 22, 2012          Attorneys for Fannie Mae

---

[10] See **Exhibit I** Appointment of Sheriff.

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, and sent Via First Class Mail a copy to David Easton at the following address:

David Easton
24630 Outer Drive
Melivindale, MI 48122

*/s/ Lindsey Johnson*
Lindsey Johnson (P67081 )
Martin S. Frenkel (P49283)
28400 Northwestern Highway, Third Floor
Southfield, MI  48034-1839
(248) 354-4030
LJohnson@maddinhauser.com

Dated: March 22, 2012                    Attorneys for Fannie Mae