UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EASTON,

        Plaintiff,

v.

        Case No. 12-cv-10663

        HON. GEORGE CARAM STEEH

FANNIE MAE,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#5]

I.    Introduction

Plaintiff, David Easton, proceeding pro se, filed the instant action raising claims arising out of the default of a residential mortgage and ensuing foreclosure and eviction. In lieu of an answer, defendant filed a motion to dismiss the complaint because plaintiff has failed to state a claim in his complaint. For the reasons that follow, defendant's motion to dismiss is granted and this action is dismissed.

II.    Factual Background

On July 1, 2003, plaintiff executed a promissory note in the principal amount of $104,375.00. As security for the note, plaintiff granted a mortgage in favor of the mortgagee, which is identified in the mortgage as Countrywide Home Loans, Inc. (Countrywide) on property commonly known as 24630 Outer Drive, Melvindale, MI 48122. Countrywide subsequently assigned the mortgage to BAC Home Loans Servicing, L.P. (BANA). On June 15, 2011, BANA purchased the property at the foreclosure sale via a successful credit bid. The redemption period expired on December 15, 2011. BANA

subsequently deeded the property to Federal National Mortgage Association (Fannie Mae). Fannie Mae instituted an eviction action in state court. A possession judgment was entered for Fannie Mae on January 19, 2012.

Plaintiff filed the instant action on February 1 4, 2012. His free-form complaint does not contain any specific counts. His allegations are vague and contain attacks on the mortgage industry in general. However, it appears that plaintiff is raising the following claims: (1) Fraud, (2) lack of standing on the part of the foreclosing entity, (3) violation of the Deceptive Practices Act, (4) violation of the Real Estate Settlement Procedures Act (RESPA), (5) violation of the Federal Debt Collection Practices Act (FDCPA), (6) violation of MICH. COMP. LAWS § 600.2109, and (7) quiet title.

A.     Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations

of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Id. at 1950.

  B.  Defendant's Motion to Dismiss

  The court agrees with defendant that plaintiff's claims are subject to dismissal because the redemption period has expired. Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Systems, No. 07-725429, 2009 WL 1507342, *1 (Mich. App. May 28, 2009). After redemption expires, the former owner has no standing to make claims with respect to the property. Id.; Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010); Moriarty v. BNC Mortgage, No. 10-13860, 2010 WL 5173830, *2 (E.D. Mich. Dec. 15, 2010).

Here, all of plaintiff's rights in the property were extinguished when the redemption period expired on December 15, 2011, and he lacks standing to bring any claim with respect to the property. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342, at *1(emphasis added)(citing Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).

Additionally, plaintiff has not made a clear showing of fraud or irregularity sufficient to justify extension of the redemption period. Plaintiff's fraud pleading does not include sufficient facts "to state a claim that is plausible on its face." Iqbal, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, plaintiff fails to plead any facts to support his claims of fraud against defendant. Rather, the only entities that plaintiff identifies in his complaint are MERS, Countrywide and BANA regarding the assignment of mortgage and bifurcation of the note and mortgage. Plaintiff's conclusory assertion that certain documents are bogus and that there was misrepresentation, silent fraud, and fraud is insufficient to state a claim for fraud. See Sanderson v. HCA-The Healthcare Co., 447 F. 3d 873, 877 (6th Cir. 2006) (Rule 9(b) requires "that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.")

Additionally, plaintiff has no standing to challenge the mortgage assignment from Countrywide to BANA. Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road

Holdings, LLC, 2010 WL 4275305, No. 10-1782, 2010 WL 4275305, *4 (6th Cir. Oct. 28, 2010).  While the Livonia Properties Holdings court held that "[a]n obligor may assert as a defense any matter which renders the assignment absolutely invalid[, such as] nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment[,]" this exception to the rule occurs when an obligor has no protection "from having to pay the same debt twice." Id.  Here, plaintiff has pled no facts that he is subject to double liability on the note.  Therefore, any claim challenging the assignment from Countrywide to BANA is properly dismissed.

Plaintiff's complaint also raises a "note-splitting" argument claiming that the note and mortgage were somehow split rendering the foreclosure invalid because MERS was the alleged mortgagee.  However, the mortgage is not a MERS mortgage, nor was it a party to a subsequent assignment of the mortgage.  Further, the Michigan Supreme Court appears to reject plaintiff's contention that separation of the note from the mortgage invalidates the assignee's rights to foreclose:

> Under the settled law of this State, the mortgage and the note are to be construed together.  The rule is well-settled that the mortgagee has a lien on the land to secure the debt.  It has never been necessary that the mortgage should be given directly to the beneficiaries.  The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands.  The choice of a mortgagee is a matter of convenience.  Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that only the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

Saurman, 490 Mich. at 909-10.  As such, any claims related to "note-splitting" are without merit.

As to plaintiff's claim that Fannie Mae violated Mich. Comp. Laws § 600.2109, this claim is likewise without merit. This statute establishes the criteria for the introduction of certain documents into evidence.[1] This statute is therefore inapplicable and the claim is dismissed.

Plaintiff's complaint also fails to state a RESPA claim. Plaintiff fails to allege that Fannie Mae violated a specific RESPA section, which is fatal to his claim. See Shaya v. Countrywide Home Loans, Inc., No. 10-13878, 2011 WL 1085617, at * 4 (E.D. Mich. March 22, 2011). In any event, plaintiff's claim is barred by the applicable one-year or three-year statute of limitations. The alleged RESPA violation would have occurred at the time of closing, or on July 1, 2003. Therefore, his claim is time-barred. See Chen v. Bell-Smith, 768 F. Supp. 2d 121, 149 (D.D.C. 2011) (citing Snow v. First Am. Title Ins. Co., 332 F. 3d 356, 359 (5th Cir. 2003)).

Additionally, to the extent plaintiff raises a claim under the FDCPA, he fails to make any specific allegations against Fannie Mae or any other entity. See Compl., ¶ ¶ 5, 9 and 26. Plaintiff's allegations thus fail to meet the standard in Iqbal, supra, that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Michigan Compiled Laws § 600.2109 states:

> All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

MICH. COMP. LAWS § 600.2109

on its face[]'" without any facts as to the entity that violated the FDCPA or in what manner the FDCPA was violated. Iqbal, 129 S. Ct. at 1949.

Plaintiff has also failed to plead a quiet title claim. The statute provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . ." MICH. COMP. LAWS § 600.2932. Plaintiff failed to set forth: (a) the interest he claims in the property; (b) the interest Fannie Mae claims in the property; and (c) the facts establishing the superiority of plaintiff's claim, as required by M.C.R. 3.411(B)(2). Plaintiff was also required to attach "a statement of the title on which the pleader relies, showing from whom the title was obtained and the page and book where it appears of record[,]" and a recorded copy of the mortgage. M.C.R. 3.411(C)(2). Rather, plaintiff attached a discharge of two unrelated mortgages to establish the mortgage at issue was unenforceable. Plaintiff's quiet title claim is therefore dismissed.

In his response in opposition to defendant's motion to dismiss, plaintiff argues that pro se pleadings are to be liberally construed, and that he should be afforded an opportunity to amend his complaint. A district court is not required to permit an amendment if such an amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Courie v. Alcoa Wheel & Forged Prods., 577 F. 3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun County, 408 F. 3d 803, 817 (6th Cir. 2005). Plaintiff's response fails to address how an amendment would not be futile, nor does he attach a proposed amendment to his response brief. Plaintiff argues that he has evidence

that Fannie Mae violated the FDCPA by misrepresenting the amount due on the mortgage and note, and that Fannie Mae did not have the right to enforce the mortgage and the note. However, Fannie Mae did not conduct the foreclosure or seek to enforce the note and mortgage, rather Fannie Mae initiated the eviction action based on its ownership interest, via a quit claim deed, on July 14, 2011.  See Def.'s Mot., Ex. E.  Plaintiff has not alleged any facts, nor presented any facts in his response in opposition, supporting any claim that he has superior interest in the property.

IV.     Conclusion

Accordingly,

Defendant's motion to dismiss  [#5] is GRANTED.

This action is dismissed.

Dated:  May 29, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 29, 2012, by electronic and/or ordinary mail and also to David Easton at 24630 Outer Drive, Melvindale, MI 48122.

S/Josephine Chaffee
Deputy Clerk

-8-